LAWRENCE G. BROWN
United States Attorney
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

Attorneys for the Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ISLAMIC MEAT AND POULTRY CO., MOHAMED MESALLEM and GIALAL SBETA,<br><br>  Defendants. | Case No. 2:09-CV-2741-FCD-GGH<br><br>**SETTLEMENT AGREEMENT AND ORDER** |

1. Plaintiff, United States of America, and defendants Islamic Meat and Poultry Company, Mohamed Mesallem and Gialal Sbeta (Defendants) hereby agree to resolve the United States' complaint for monetary penalties against Defendants as set forth below (the Agreement). The complaint arises from Defendants' failure to timely file their 2006 and 2007 annual reports with the Department of Agriculture, Grain Inspection, Packers and Stockyards Administration (GIPSA). The Agreement is based upon the following facts:

   A. This is an action to recover civil monetary penalties pursuant to the Packers and Stockyards Act, 1921, 7 U.S.C. §§ 181 et seq. (The Packers Act).

   B. Defendants Mohamed Mesallem and Gialal Sbeta are the owners and operators of defendant Islamic Meat and Poultry Company, a meat packing business located in Stockton, California.

   C. The complaint alleges Defendants are engaged in the business of a "packer" as defined

Settlement Agreement and Order

by the Packers Act.  Further, that Defendants' failure to timely file annual reports required by the Packers Act subjects them, jointly and severally, to the assessment of daily monetary penalties for the late filed reports.  Finally, that the daily penalty is $110 for each late report, calculated from 30 days after Defendants received the Notice of Default for failure to file until the date Defendants filed their delinquent reports.  Concerning the 2006 annual report, Defendants received GIPSA's Notice of Default on August 13, 2007, meaning the daily penalties accrued from August 14, 2007 until June 29, 2009, the date Defendants filed the delinquent report.  Concerning the 2007 annual report, Defendants received GIPSA's Notice of Default on August 13, 2007, meaning the daily penalties accrued from May 2, 2007 until June 29, 2009, the date Defendants filed their report.  The United States claims Defendants owe $114,840 in penalties for the two late filed reports.

      D.  Defendants admit the allegations contained in the United States' complaint.

      2.  The United States and Defendants agree to settle this litigation upon the following terms:

      A.  Service of Process.  Defendants have accepted, via overnight mail, next day delivery, service of the summons, complaint and documents identified as Docket Entry No. 3.

      B.  Entry of Judgment.  Defendants consent to entry of judgment, jointly and severally, in the amount of $18,700, representing $17,000 as the compromised principal sum due and owing and $1,700, representing the 10% surcharge authorized for debt recovery pursuant to 28 U.S.C. § 3011(a).  Defendants further agree that interest on the judgment shall accrue at 6% interest per annum (compounded annually) until the judgment is satisfied.  The judgment amount, however, is reduced to $12,500, with no interest, provided Defendants do not default under the provisions of the parties' repayment plan.

      C.  Repayment Plan.  Beginning October 15, 2009, Defendants shall pay the United States $500 per month until the reduced judgment amount ($12,500) is fully satisfied.  The 25 payments are due by the 15th day of each month at the United States Attorney's Office, Attention Financial Litigation Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.  Checks must be payable to the **United States Department of Justice**.  Defendants also agree to timely file Islamic Meat and

Poultry Company's Annual Reports of Packer for the next three reporting years (2010 - 2012). The required annual reports shall be due at the time and in the form specified by GIPSA. The United States will not seek to enforce its judgment provided Defendants timely make their payments and file the reports as set forth above. Further, upon Defendants' compliance with these settlement terms, the United States will file a satisfaction of judgment with the court.

D.  Default.  Defendants shall be in default if they fail to make a timely payment or to timely file an annual report and thereafter fail to cure the default within ten days from the date the United States mails or facsimiles written notice of the deficiency to Defendants at the address stated in paragraph E, below. The United States may also declare Defendants' default as provided in paragraph F, below. If Defendants fail to cure their default, the judgment shall revert to $18,700, plus 6% annual interest from the date judgment was entered (compounded annually), less any previous payments received. No further notice is required. Upon Defendants' failure to cure their default, the United States may declare any unpaid balance immediately due and owing and proceed with collection efforts against Defendants.

E.  Written Notice.  Whenever written notice is required, the notice shall be addressed and mailed to the individuals identified below, unless those individuals or their successors give notice of a change to the other parties in writing.

As to the United States:

> Kurt A. Didier
> Assistant United States Attorney
> United States Attorney's Office
> 501 I Street, Suite 10-100
> Sacramento, CA 95814
> Phone 916-554-2700
> Facsimile 916-554-2900

As to Defendants:

> Walid Mesallem
> Financial Director
> Islamic Meat and Poultry Company
> 1320 B South Aurora Street
> Stockton, CA 95206
> Phone: 209-462-8022
> Facsimile: 209-467-1713

The ten day cure period provided by the default notices referenced in paragraph D, above, commences from the date the United States mails or facsimiles a default notice to Defendants. All other notices and shall be considered effective upon receipt.

    F.  Bankruptcy.  This action concerns the recovery of penalties payable to the United States Department of Agriculture for Defendants' failure to timely annual reports.  Defendants acknowledge the provisions of 11 U.S.C. § 523(a)(7), which provide an exception to the discharge afforded by Bankruptcy Code sections 11 U.S.C. §§ 727, 1141, 1228(a) and (b), and 1328(b).  Accordingly, Defendants agree that a voluntary bankruptcy petition filed by them or an involuntary petition filed against them shall not excuse their performance under this Agreement. The United States may treat Defendants' failure to perform during the pendancy of a bankruptcy proceeding as a default under paragraph D, above.

    G.  Solvency.  Defendants have reviewed their financial situations and warrant that each of them are currently solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I) and will remain solvent following payment to the United States.

    H.  Opportunity to Review and Revise.  By settling this action, the parties intend to avoid the expenses and risks of further litigation.  Each party has, or had the opportunity to fully review and revise this Agreement.  The parties agree that the Agreement has been negotiated in good faith, and is fair and reasonable. Accordingly, the normal rule of construction resolving ambiguities against the drafting party shall not be utilized in the interpretation of this Agreement.

    I.  Authorization and Understanding.  Each party to this Agreement represents and warrants that each person whose signature appears in this Agreement has been duly authorized and has the full authority to execute this Agreement on behalf of the person, persons or entity who is a party to this Agreement.  Each person executing this Agreement further represents that he: has read and understands its contents; executes this Agreement voluntarily; and has not been influenced by any person acting on behalf of any party.  The Agreement is binding on each party and on its successors in interest, transferees and assigns.

    J.  Governing Law.  This Agreement is entered into in the State of California and shall be construed and interpreted according to its laws or federal laws, as is appropriate.

Settlement Agreement and Order                      4

K.  Severability.  If any term, provision, covenant or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remainder of the provisions shall remain in full force and effect.

L.  A fully executed copy–including facsimile signatures–of the Agreement shall be deemed an original for all purposes, and this Agreement may be executed in one or more counterparts, each of which shall be an original, but all of which shall constitute one instrument.

M.  Entire Agreement.  This document memorializes the parties' entire Agreement.  The Agreement's terms are contractual and not mere recitals, and may be amended or modified in whole, or in part, at any time only by an agreement in writing, executed in the same manner as this Agreement.

**ISLAMIC MEAT AND POULTRY COMPANY**

Dated: October____, 2009        By:  _____/s/_____
                                 MOHAMED MESALLEM, General Partner

**MOHAMED MESALLEM**

Dated: October ____, 2009       By:  _____/s/_____
                                 MOHAMED MESALLEM, Individually

**GIALAL SBETA**

Dated: October ____, 2009       By:  _____/s/_____
                                 GIALAL SBETA, Individually

**UNITED STATES OF AMERICA**

LAWRENCE G. BROWN
United States Attorney

Dated: October____, 2009        By:  _____/s/_____
                                 KURT A. DIDIER
                                 Assistant United States Attorney

Settlement Agreement and Order                 5

Attorneys for the United States of America

**ORDER**

The Court, having reviewed the court files and parties' settlement agreement (the Agreement) and finding good cause therefor, hereby APPROVES the terms of the Agreement. The stipulated entry of judgment as provided in the Agreement shall be entered as a separate judgment.

IT IS SO ORDERED.

Dated: October 23, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE